IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN J. DONAHUE,            : | | CIVIL ACTION |
|     Plaintiff,          : | | |
|                      : | | |
|     v.                    : | | |
|                      : | | |
| UNITED STATES POSTAL SERVICE, et al.,  : | | NO.  2:05-CV-04998 |
|     Defendants.         : | | |

MEMORANDUM and ORDER

AND NOW, this   31st   day of March 2006, upon consideration of Defendants' Motion to Dismiss (Doc. No. 8) and Plaintiff's Response thereto (Doc. No. 15),[1] it is hereby ORDERED that Defendants' Motion is DENIED.

Plaintiff was an employee of the United States Postal Service.  Compl. ¶ 6.  On June 25, 2001, Plaintiff filed an administrative appeal to the Merit Systems Protection Board ("MSPB"), alleging that the Postal Service constructively suspended him from his position without due process and that Defendants discriminated against him on the basis of his perceived mental disability ("first MSPB appeal").[2] Id. ¶ 7.  While the first MSPB appeal was pending, plaintiff and the Postal Service reached a settlement agreement. Id ¶ 8.  As a result, the MSPB proceeding was dismissed. Id. ¶ 9.

Under the settlement agreement, plaintiff agreed to submit to a psychiatric evaluation by

---

[1] According to this Court's Policies and Procedures, reply briefs may be filed only with leave of the Court.  As leave of the Court was not sought, defendants' reply brief will not be considered.

[2] The first MSPB appeal was assigned docket number PH-0752-01-0322-I-1.

1

Dr. Jay Bonovitz in order to assess his psychological fitness for duty. Id. ¶¶ 8, 10.  Dr. Bonovitz concluded that plaintiff was not a danger to himself or to others. Id. ¶ 10.  The Postal Service did not accept Dr. Bonovitz's findings and placed plaintiff on enforced leave. Id. ¶ 11.

On April 1, 2002, Plaintiff refiled his first MSPB appeal. Id. ¶ 12.  On July 30, 2002, the MSPB administrative judge dismissed the first MSPB appeal for lack of jurisdiction. Id. ¶ 14.  On September 26, 2003, the MSPB reversed the administrative judge's decision and remanded the first MSPB appeal.  Id. ¶ 15.  On remand, the administrative judge again dismissed the appeal.

On April 2, 2002, one day after he refiled his first appeal, plaintiff filed a second appeal with the MSPB ("second MSPB appeal"), alleging that he was put on enforced leave because of his disability and as reprisal for his prior EEO activity.[3] Id. ¶ 13.  After a hearing, the administrative judge found that the agency's enforced leave was proper and that plaintiff failed to prove his disability discrimination and reprisal claims. Id. ¶ 16.  The MSPB affirmed the administrative judge's decision. Id. ¶ 17.  On December 22, 2003, the EEOC denied consideration of plaintiff's claims. Id. ¶ 18.  Plaintiff subsequently filed a civil action based on these claims that is currently pending before this Court.[4] Id. ¶ 19.

On November 18, 2003, plaintiff filed a constructive removal appeal to the MSPB ("third MSPB appeal").[5] Id. ¶ 20.  This appeal was dismissed based on res judicata.  Plaintiff filed timely

---

[3] The second MSPB appeal was assigned docket number PH-0752-02-0233-I-1.

[4] The civil action is docketed as 2:04-cv-00344-LDD.  After the matter was filed, defendants requested that it be placed in suspense pending the outcome of two closely related administrative matters before the MSPB (the first MSPB appeal and the third MSPB appeal). The Court placed the matter in suspense.

[5] The third MSPB appeal was assigned docket number PH-0752-04-0110-I-1.

petitions for review of the refiled first MSPB appeal and the third MSPB appeal.  The MSPB addressed both appeals in a decision dated August 10, 2005.  Id., Ex. A.  The MSPB dismissed the refiled first MSPB appeal, finding that the res judicata applied because the administrative judge's decision in the second MSBP appeal disposed of all the matters at issue in the refiled first MSPB appeal.  Id, Ex. A at 1, 9.  The MSPB dismissed the third MSPB appeal to the extent it constituted an appeal of an alleged constructive removal, finding that plaintiff had "not made a nonfrivilous allegation that he has been constructively removed," and denied the appeal to the extent it constituted a petition for enforcement of a prior Board decision, finding that collateral estoppel applied.  Id, Ex. A at 1,10, 13.  In the instant matter, plaintiff seeks to set aside the August 10, 2005 MSPB decision addressing the refiled first MSPB appeal and the third MSPB appeal. Id. ¶¶ 21-22, 26.

Defendants bring this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). Defs' Mot. at 1.  A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. Mortensen v. First Federal Savings & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977); see also Turicentro v. American Airlines, 303 F.3d 293, 200 n.4 (3d Cir. 2002).  A factual attack challenges the existence of subject matter jurisdiction in fact, whereas a facial attack challenges the sufficiency of the pleadings. NE Hub Partners, L.P. v. CNG Transmission Corp., 239 F.3d 333, 341 n.7 (3d Cir. 2001); see also Medina v. City of Philadelphia, No. 04-5698, 2005 U.S. Dist. LEXIS 8740, at *6 (E.D. Pa. May 9, 2005).  In the instant matter, defendants wage a factual attack on subject matter jurisdiction, as they challenge

the existence of subject matter jurisdiction in fact.[6]  In reviewing a factual attack, the court may consider evidence outside the pleadings. Mortensen, 549 F.2d at 891.  The plaintiff bears the burden of persuading the court that it has jurisdiction. Id.

Plaintiff bases this Court's subject matter jurisdiction on 5 U.S.C. §§ 7703(a)(1) and (b)(2). Compl. ¶ 4.  Section 7703(a)(1) provides that "[a]ny employee or applicant for employment adversely affected or aggrieved by a final order or decision of the Merit Systems Protection Board may obtain judicial review of the order or decision."  Section 7703(b) specifies the forum in which the employee may bring the review proceeding. Kean v. Stone, 926 F.2d 276, 282 (3d Cir. 1991).  Under § 7703(b)(1), "[e]xcept as provided in paragraph 2 of this subsection, a petition to review a final order or final decision of the Board shall be filed in the United States Court of Appeals for the Federal Circuit."  The exception in § 7703(b)(2) provides, in effect, that cases of alleged discrimination "subject to the provisions of §7702" shall be filed under the applicable statute in a United States District Court. See 5 U.S.C. § 7703(b)(2); Wall v. United States, 871 F.2d 1540, 1542 (10th Cir. 1989).  Discrimination cases subject to the provision of §7702 include cases where an employee (1) has been affected by an action which the employee may appeal to the MSPB and (2) alleges that a basis for the action was discrimination prohibited by, inter alia, section 717 of the Civil Rights Act of 1964.  5 U.S.C. § 7702(a).

The discrimination exception to the Federal Circuit's exclusive jurisdiction creates a "mine field for the unwary." Afifi v. U.S. Department of Interior, 924 F.2d 61, 62 (4th Cir.

---

[6] Defendants did not specifically state whether they were bringing a facial or a factual challenge to subject matter jurisdiction; however, the cases cited by defendants imply that they intended to bring a factual attack. See Defs' Mot. at 7 (citing cases involving a factual challenge). In addition, plaintiff argues that defendants' motion should be viewed as a factual attack on subject matter jurisdiction. Pl's Resp. at 4.

1991).  The difficulty arises when an employee alleges both discrimination and nondiscrimination claims.  In such a "mixed" case, the entire action must be brought in district court; bifurcated proceedings are prohibited.  Id. at 62-63 (citing Williams v. Department of Army, 715 F.2d 1485 (Fed. Cir. 1983)).  The question of where jurisdiction lies is further complicated when the MSPB bases its decision in a mixed case on procedural or threshold issues not related to the merits of a discrimination claim.  The Federal Circuit assumes jurisdiction in this situation.[7]  Ballentine v. Merit Sytems Protection Board, 738 F.2d 1244, 1247 (Fed. Cir. 1984).

    Defendants argue that, under Ballentine, this Court does not have jurisdiction over this matter because the MSPB based its decision on res judicata, lack of jurisdiction and collateral estoppel. Defs' Mot. at 10-12.  Defendants contend that since these issues are procedural or threshold issues not related to the merits of the discrimination claim, jurisdiction lies with the Federal Circuit. Id.; see also Ballentine, 738 F.2d at 1246-47; Spears v. Merit Systems Protection Board, 766 F2d 520, 522-23 (Fed. Cir. 1985) (holding that, under Ballentine, the Federal Circuit had jurisdiction over a case where a plaintiff who previously unsuccessfully appealed on non-discrimination grounds was found to be barred by res judicata from subsequently challenging termination on discrimination grounds).  Therefore, defendants conclude, this matter should be

---

[7] The Second Circuit rejected the Federal Circuit's holding in Ballentine, finding that there is no statutory basis for the holding that a judicially reviewable action under §7702(a)(3) is limited to decisions on the merits or that a matter becomes a "case of discrimination" under §7703(b)(2) only after a merits decision. Downey v. Runyon, 160 F.3d 139, 144 (2d Cir. 1998); see also Harms v. IRS, 321 F.3d 1001, 1008 (10th Cir. 2003) (citing both Ballentine and Downey and adopting the reasoning in Downey). But see Sloan v. West, 140 F.3d 1255, 1262 (9th Cir. 1998) (applying Ballentine); Brumley v. Levinson, No. 92-3026EA, 1993 U.S. App. LEXIS 9419, at *2 (8th Cir. 1993) (same).  The Third Circuit has yet to address the Federal Circuit's holding in Ballentine.

dismissed for lack of subject matter jurisdiction.  Plaintiff, on the other hand, requests that the instant matter be consolidated with Civil Action No. 04-344.  Pursuant to Federal Rule of Civil Procedure 42(a), when actions involving a common question of law or fact are pending before the court, the court may order all actions consolidated.

In traversing the jurisdictional "mine field" of the discrimination exception to the Federal Circuit's exclusive jurisdiction, the court's task is to harmonize the three "indisputable" congressional objectives: (1) that the Federal Circuit should be the uniform voice in federal personnel matters; (2) that the district courts should hear claims arising under the anti-discrimination laws; and (3) that judicial resources should not be wasted by parallel actions.  <u>Afifi</u>, 924 F.2d at 64; <u>see</u> <u>also</u> Defs' Mot. at 12.  This Court finds these objectives are best served by consolidating the instant matter with Civil Action No. 04-344.

It is clear that judicial resources will be wasted if the instant matter is transferred to the Federal Circuit.[8]  The instant matter and the civil action filed by plaintiff on January 26, 2004 ("first civil action"), No. 04-344, are closely related.  On defendants' request, the first civil action has been in suspense pending the outcome of the two closely related administrative appeals at issue in the instant matter.  The parties to the instant matter and the first civil action are identical.  In the first civil action, plaintiff seeks review of his second MSPB appeal; in the instant matter, plaintiff seeks review of his first MSPB appeal and his third MSPB appeal.  The three appeals are all based on the same set of underlying facts.  Judicial economy is served by having one court

---

[8] Defendants argue that this case should be dismissed, not transferred, because transfer would not be in the interests of justice. Defs' Mot. at 12.  Under 28 U.S.C. § 1631, this case would be transferred to the Federal Circuit if this Court dismissed it for lack of subject matter jurisdiction.

hear the dispute.

If the cases are consolidated, the district court will hear the claims arising under the anti-discrimination laws. Given the unique circumstances present in this case, if the instant matter is transferred to the Federal Circuit, the merits of the discrimination claim in the first MSPB appeal will not be heard by any federal court. The decision in the second MSPB appeal addressed the issues contained in the first MSPB appeal. This Court, reviewing the discrimination claims de novo, does not have occasion to address the discrimination claims in the first MSPB appeal when it addresses the second MSPB appeal in Civil Action No. 04-344. As a result, the discrimination claims in the first MSPB appeal will only be reviewed if the case remains with this Court. Therefore, the congressional objective of having the district court hear claims arising under the anti-discrimination laws is better served by consolidating the cases.

Although the third objective, that the Federal Circuit is the uniform voice in federal personnel matters, is not met, this Court believes that, under the unique circumstances of this case, the congressional objectives are best met by having this Court retain jurisdiction over plaintiff's first MSPB appeal and third MSPB appeal. Accordingly, defendants' motion to dismiss is denied.

BY THE COURT:

/S/LEGROME D. DAVIS

Legrome D. Davis, J.